IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CHRISTOPHER JIMENEZ, | 1:10-cv-01766-SMS (PC) |
| Plaintiff, | ORDER STRIKING UNSIGNED MOTION |
| vs. | (Doc. 4) |
| DR. WANG, et al., | ORDER DENYING MOTION FOR ADMISSION OF EVIDENCE AND APPOINTMENT OF COUNSEL |
| Defendants. | |
| _____/ | (Doc. 5) |

On October 18, 2010, Plaintiff filed an unsigned motion requesting the appointment of counsel, and a motion requesting "admission of evidence" along with another request for the appointment of counsel. The Court cannot consider unsigned filings and Plaintiff's unsigned motion for the appointment of counsel is therefore stricken from the record. Fed. R. Civ. P. 11(a); Local Rule 131.

In his motion for admission of evidence, it is not clear what relief Plaintiff is seeking, as the motion is not accompanied by any evidence and it does not set forth any further explanation. Therefore, the motion shall be denied.

With respect to Plaintiff's request for counsel asserted in the motion for admission of evidence, Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to

represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  The Court is faced with similar cases almost daily.  Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.  Id.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY STRICKEN from the record for lack of signature (doc. 4); and Plaintiff's motion for the admission of evidence and request for counsel is DENIED (doc. 5).

IT IS SO ORDERED.

**Dated:     October 29, 2010**                      /s/ Sandra M. Snyder
                                                     UNITED STATES MAGISTRATE JUDGE