# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JIMENEZ, | CASE NO. 1:10-cv-01766-SKO PC |
| Plaintiff, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND DENYING REQUEST FOR SERVICE AS PREMATURE |
| v. | |
| DR. WANG, et al., | (Doc. 7) |
| Defendants. | |

Plaintiff Robert Jimenez, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 27, 2010. On October 18, 2010, Plaintiff filed a motion entitled "Request for Admission of Evidence." (Doc. 7.) In the motion, Plaintiff seeks the appointment of counsel and requests "proof of service." (Id.)

Plaintiff does not have a constitutional right to the appointment of counsel in this action. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist. Palmer, 560 F.3d at 970; Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1981). In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. Palmer at 970 (citation and quotation marks omitted); Wilborn, 789 F.2d at 1331. Neither consideration is dispositive and they must be viewed together. Palmer 560 F.3d at 970 (citation and quotation marks omitted); Wilborn 789 F.2d at 1331.

1

1    In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily. Therefore, Plaintiff's request for the appointment of counsel shall be denied.

It is not entirely clear what relief Plaintiff is seeking in terms of "proof of service." To the extent that Plaintiff is seeking service of his complaint on the defendants, the Court will direct the United States Marshal to effect service on Plaintiff's behalf once it has screened the complaint and determined that it states cognizable claims for relief.[1] 28 U.S.C. § 1915A. The Court is faced with a veritable flood of civil cases and it will screen Plaintiff's complaint in due course. Plaintiff's request for service at this time shall be denied as premature.

Accordingly, as set forth herein, Plaintiff's motion for the appointment of counsel is DENIED, without prejudice, and Plaintiff's request for service of process is DENIED as premature.

IT IS SO ORDERED.

**Dated:   March 25, 2011**            /s/ Sheila K. Oberto
                                       UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff is directed to review the informational order filed on September 28, 2010, which sets forth this and other pertinent information. (Doc. 3.)