1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  ROBERT CHRISTOPHER JIMENEZ,                CASE NO. 1:10-cv-01766-SKO PC

10                            Plaintiff,        SCREENING ORDER DISMISSING ACTION,
                                                WITH PREJUDICE, FOR FAILURE TO
11        v.                                     STATE A CLAIM UNDER SECTION 1983
                                                AND COUNTING DISMISSAL AS A STRIKE
12  DR. WANG, et al.,                           UNDER 28 U.S.C. § 1915(G)

13                            Defendants.        (Doc. 1)

14  _____/

15                           **Screening Order**

16  **I.    Screening Requirement**

17        Plaintiff Robert Christopher Jimenez, a state prisoner proceeding pro se and in forma

18  pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 27, 2010.  The

19  Court is required to screen complaints brought by prisoners seeking relief against a governmental

20  entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must

21  dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or

22  malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief

23  from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding

24  any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any

25  time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief

26  may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

27        A complaint must contain "a short and plain statement of the claim showing that the pleader

28  is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

1

1  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

2  do not suffice," Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (citing Bell

3  Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required

4  to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir.

5  2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true,

6  legal conclusions are not.  Iqbal, 129 S.Ct. at 1949.

7        Under section 1983, Plaintiff must demonstrate that each defendant personally participated

8  in the deprivation of his rights.  Iqbal, 129 S.Ct. at 1949; Jones v. Williams, 297 F.3d 930, 934 (9th

9  Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim

10  for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir.

11  2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal,

12  129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

13  **II.**   **Plaintiff's Complaint**

14        **A.**   **Summary of Allegations**

15        Plaintiff is currently incarcerated at Pelican Bay State Prison (Pelican Bay).  Plaintiff filed

16  this action against Doctor Wang and Registered Nurses Garnetta and MacIlvane for acting with

17  deliberate indifference to his medical needs while he was at California State Prison-Corcoran (CSP-

18  Corcoran) for one month in 2008.  Plaintiff's Eighth Amendment medical care claim arises from the

19  alleged discontinuation of treatment for his Hepatitis C.

20        Plaintiff was transferred from California State Prison-Solano (CSP-Solano) to Pelican Bay.

21  En route, he was temporarily incarcerated at CSP-Corcoran from May 16, 2008, to June 10, 2008.

22  While at CSP-Solano, he had been placed on a one-year treatment regimen for Hepatitis C,

23  consisting of Pegylate and Ribavirin from July 17, 2007, to July 17, 2008.  On May 20, 2008,

24  Plaintiff received his injection and a ten-day supply of Ribavirin.  Defendant Wang allegedly

25  discontinued Plaintiff's treatment on May 25, 2008.  Plaintiff's treatment resumed on June 10, 2008,

26  at Pelican Bay, but it was thereafter discontinued on July 24, 2008, based on lab results.

27  ///

28  ///

1       **B.**    **Medical Care Claim**

2       "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate

3   must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096

4   (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part

5   test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by

6   demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or

7   the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was

8   deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059

9   (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th

10  Cir. 1997) (en banc) (internal quotations omitted)).

11      Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's

12  pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d

13  at 1060).  Deliberate indifference may be manifested "when prison officials deny, delay or

14  intentionally interfere with medical treatment, or it may be shown by the way in which prison

15  physicians provide medical care."  Id. (citing McGuckin at 1060 (internal quotations omitted)).

16  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to

17  further harm in order for the prisoner to make a claim of deliberate indifference to serious medical

18  needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404,

19  407 (9th Cir. 1985)).

20      Plaintiff is attempting to state an Eighth Amendment claim against Defendant Wang for

21  discontinuing his Hepatitis C treatment plan on May 25, 2008.  Plaintiff had been provided with a

22  ten-day Ribavirin prescription on May 20, 2008, and a diagnostic blood test was ordered on May 27,

23  2008.  Plaintiff thereafter transferred to Pelican Bay on June 10, 2008, where his treatment was

24  briefly restarted and then discontinued.  These facts do not support a claim that Defendant Wang

25  knowingly disregarded a substantial risk of harm to Plaintiff's health and that Plaintiff suffered

26  further injury due to what amounted to, at most, a minor interruption in Plaintiff's course of

27  treatment – a course which was soon discontinued at Pelican Bay.

28  ///

1     Although Plaintiff alleges that his treatment was discontinued without being seen by

2 Defendant Wang, the Eighth Amendment does not require that changes to medical treatment be

3 made in conjunction with an office visit.  Plaintiff's medical records demonstrate that it was

4 Defendant Wang's medical judgment that Plaintiff did not need further treatment.  (Comp., p. 19.)

5     Further, there are no facts pled which suggest that Defendants Garnetta and MacIlvane

6 knowingly disregarded a substantial risk of harm to Plaintiff's health and that he suffered further

7 harm as a result.  Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994); Toguchi v. Chung,

8 391 F.3d 1051, 1057 (9th Cir. 2004).

9 **III.** **Conclusion and Order**

10     Plaintiff's complaint fails to state a claim upon which relief may be granted.  The Eighth

11 Amendment does not remedy negligence, and it is does not support claims based on a prisoner's

12 disagreement with the medical care decisions rendered by physicians.  Estelle, 429 U.S. at 106; Jett,

13 439 F.3d at 1096; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005); McGuckin, 974 F.2d at

14 1059; O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990); Wood v. Housewright, 900 F.2d 1332,

15 1334 (9th Cir. 1990); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986); Franklin v. Oregon,

16 662 F.2d 1337, 1344 (9th Cir. 1981).  The record, which includes medical records, shows that

17 Plaintiff was evaluated and treated for Hepatitis C at CSP-Solano, CSP-Corcoran, and Pelican Bay.

18 Plaintiff's disagreement with Defendant Wang's medical decision that Plaintiff did not need any

19 further treatment does not support a plausible claim under section 1983, and there is no basis for a

20 plausible claim against Defendants Garnetta and MacIlvane arising out of these events.

21     Accordingly, the Court finds that leave to amend is not warranted, Lopez v. Smith, 203 F.3d

22 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987), and this action

23 is HEREBY ORDERED DISMISSED, with prejudice, for failure to state a claim under section 1983.

24 This dismissal SHALL count as a strike under 28 U.S.C. § 1915(g).

25 IT IS SO ORDERED.

26 **Dated:   September 9, 2011**                    **/s/ Sheila K. Oberto**
                                      UNITED STATES MAGISTRATE JUDGE

27

28